## Martha Schechtman, Appellee, v. Chicago Railways Company, Appellant.

### Gen. No. 21,004.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. WILLIAM FENIMORE COOPER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Reversed and remanded. Opinion filed February 1, 1916.

### Statement of the Case.

Action by Martha Schechtman, plaintiff, against the Chicago Railways Company, defendant, in the Supe-rior Court of Cook county, to recover for personal injuries sustained while attempting to alight from de-fendant's street car on which she was a passenger. From a judgment for plaintiff for $2,000, defendant appeals.

Plaintiff's physician testified, in effect, that on Sep-tember 11, 1911, about two hours after the occurrence, he found a large bruise upon her hip; bruises upon her left thigh and back, and, the following day, a slight

─────────

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

bloody discharge from the vagina, which continued for about a week, and that he continued to treat her "off and on" for pain in the back, especially on the left side, and for retroversion of the uterus. Three or four weeks before the trial, he found the uterus turned backward. He testified that he had known the plaintiff for six or seven years; that he attended her at the birth of her first child, more than two years before the accident; that six weeks after such birth, he found plaintiff's uterus to be normal in size, and that "involution was practically complete at that time." He further testified that at the time of the accident plaintiff was in good health.

The plaintiff was three months advanced in pregnancy at the time of the accident and gave birth to a child six months thereafter.

A motion to strike out the testimony with reference to retroversion of the uterus, as not connected with the accident, was denied. The court gave the following instruction for plaintiff:

"The jury are instructed that the law requires the employees of common carriers to do more than to stop reasonably long enough for passengers to safely alight from its cars. They are bound and required to ascertain and know that no passenger is in the act of alighting from the car before putting it in motion again. If an employee fails in that respect, then such failure is imputed to his employer and is actionable negligence on the part of the employer, provided the passenger was at such time not guilty of contributory negligence."

IRA C. WOOD and FRANK L. KRIETE, for appellant; W. W. GURLEY and J. R. GUILLIAMS, of counsel.

M. A. ZELENSKY and LYNN & HALLAM, for appellee.

MR. JUSTICE McGOORTY delivered the opinion of the court.

## Abstract of the Decision.

1. CARRIERS, § 464*—*when evidence as to physical condition of passenger after accident admissible.* In an action by a married woman to recover for injuries sustained while attempting to alight from defendant's street car, a motion to strike testimony tending to prove that plaintiff suffered from retroversion of the uterus is properly denied where the evidence tended to show that the conditions sought to be proved were the result of the accident.

2. NEGLIGENCE, § 191*—*when question of fact.* The question as to what constitutes negligence in a particular case is one of fact and not of law.

3. CARRIERS, § 484*—*when instruction as to duty of carrier towards passengers in starting cars erroneous.* In an action to recover for personal injuries sustained while attempting to alight from defendant's street car, an instruction that it is the duty of a common carrier of passengers to ascertain and know that no passenger is in the act of alighting before putting a car in motion, and that a failure to do so is actionable negligence, *held* reversible error, such instruction stating as a legal proposition that such conduct is negligence under all circumstances.